IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | Civil No. 4:24-CV-2111 |
| Plaintiff, | : | (Chief Judge Brann) |
| v. | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, AMBER GROVE, in her individual capacity, and SARAH KERN, in her individual capacity, | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Pursuant to Local Rule 83.15 of the Local Rules of Court for the Middle District of Pennsylvania, Casey Alan Coyle, Esquire, Stefanie Pitcavage Mekilo, Esquire, and the law firm of Babst, Calland, Clements & Zomnir, P.C. (collectively, "Counsel") submit this Brief in Support of their Motion to Withdraw as Counsel for Plaintiff John Doe in the above-captioned matter.

### I.  BACKGROUND

Plaintiff filed the Complaint in this action on December 9, 2024, (Dkt. 1), and Defendants filed their Answer with Affirmative Defenses on February 10, 2025 (Dkt. 16). The Court then issued a Case Management Order (Dkt. 20), as well as a Stipulated Confidentiality Agreement and Protective Order (Dkt. 30). On April 1, 2025, Plaintiff served his First Set of Requests for Production of Documents on

Defendants (the "Requests"); Defendants thereafter produced some documents responsive to certain Requests in a series of rolling document productions. (Dkt. 31.)

A dispute arose subsequently regarding the temporal and substantive scope of Plaintiff's Requests, along with Defendant Pennsylvania State University's issuance of notices under the Family Educational Records and Privacy Act, resulting in the submission of competing letters from the parties to the Court. (Dkt. 31, 33.) The Court scheduled a telephonic status conference for June 26, 2025, at 3:00 p.m. (Dkt. 32.) However, on June 25, 2025, Counsel advised the Court that, "due to irreconcilable differences that recently arose between Plaintiff John Doe and our Firm, our Firm intends to withdraw as counsel for Plaintiff" and requested a brief adjournment of the telephonic status conference "to allow time for Plaintiff to secure successor counsel and for said counsel to enter an appearance and familiarize themselves with the matter." (Dkt. 34.) The Court granted Counsel's request via a verbal Scheduling Order later that day. (Docket.)

It is Counsel's understanding that Plaintiff is in communication with but has yet to retain substitute counsel. Counsel therefore moves for leave to withdraw as counsel for Plaintiff pursuant to Local Rule 83.15 of the Local Rules of Court for the Middle District of Pennsylvania.

II. **STATEMENT OF QUESTION INVOLVED**

    A.    Whether this Court should grant Counsel leave to withdraw as counsel for Plaintiff?

    **Suggested answer: Yes.**

III. **ARGUMENT**

Local Rule 83.15 confers discretion upon district courts to grant a motion to withdraw where substitute counsel has not entered an appearance. *See* M.D. Pa. L.R. 83.15. As the United States Court of Appeals for Third Circuit has explained, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal. Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations. The interests to be considered will vary widely from case to case." *Mifflinburg Telegraph, Inc. v. Criswell*, No. 4:14-CV-00612, 2015 WL 3454515, at *1 (M.D. Pa. May 29, 2015) (quoting *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu,* 760 F.3d 290, 295 (3d Cir. 2014).)

Nonetheless, "[t]he Pennsylvania Rules of Professional Conduct are relevant to the Court's determination on a motion to withdraw," *Torres v. Gautsch*, No. 1:13-cv-01143, 2014 WL 3368782, at *2 (M.D. Pa. July 9, 2014), and Pennsylvania Rule of Professional Conduct Rule 1.16 states a lawyer may withdraw from representing a client if, *inter alia*, "withdrawal can be accomplished without material adverse effect on the interests of the client," the representation "has been rendered unreasonably difficult by the client," or "other good cause for withdrawal exists."

Pa. R. Prof'l Conduct 1.16(b). Counsel respectfully submit that such is the case here based on the "irreconcilable differences" that recently arose between Plaintiff and Counsel. (Dkt. 34.)[1] Moreover, permitting withdrawal will not cause undue delay as this case is in its early stages with discovery still ongoing. For this same reason, withdrawal will not materially prejudice Plaintiff either. *See, e.g.*, *Torres*, 2014 WL 3368782, at *2 (granting motion to withdraw where, "[a]lthough Plaintiffs will need to find new counsel, the early stage of this case—discovery is still ongoing—means that they may seek new counsel without suffering significant prejudice").

Further, to the extent there is some theoretical prejudice to Plaintiff resulting from the requested withdrawal, the appropriate remedy is to stay this action for a brief period of time so that Plaintiff may attempt to secure substitute counsel, not to prohibit the withdrawal. *See, e.g.*, *Wolgin v. Smith,* No. 94–7471, 1996 WL 482943, at *5 (E.D. Pa. Aug. 21, 1996) (finding that "permitting withdrawal will not unduly delay the resolution of this case or materially prejudice [counsel's client] .... [as] there is currently no trial scheduled. If [counsel's client] chooses to hire new counsel, and the Court urges him to do so, the Court will give counsel ample opportunity to become familiar with the litigation and prepare for trial"); *see also Torres*, 2014 WL 3368782, at *2 (granting motion to withdraw and staying case for

---

[1] Counsel respectfully requests that further reasons be disclosed *in camera*, if required, out of respect for the attorney-client privilege and confidentiality under Pennsylvania Rule of Professional Conduct Rule 1.6.

a brief period "to provide Plaintiffs ample time to seek replacement counsel, and for any replacement counsel to get up to speed on the litigation").

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Counsel respectfully requests that the Court grant the Motion for Leave to Withdraw as Counsel for Plaintiff.

                                 Respectfully submitted,

                                 BABST CALLAND, CLEMENTS AND ZOMNIR P.C.

<u>/s/ Casey Alan Coyle</u>
Casey Alan Coyle, Esquire
PA ID No. 307712
Stefanie Pitcavage Mekilo, Esquire
PA ID No. 312720
300 N. 2nd Street, Suite 801
Harrisburg, PA 17101
(267) 939-5832
ccoyle@babstcalland.com
smekilo@babstcalland.com
*Counsel for Plaintiff John Doe*

Dated: July 8, 2025

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | Civil No. 4:24-CV-2111 |
| Plaintiff, | : | (Chief Judge Brann) |
| v. | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, AMBER GROVE, in her individual capacity, and SARAH KERN, in her individual capacity, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Casey Alan Coyle, certify that on this 8th day of July, 2025, I electronically filed the foregoing Brief in Support of Motion for Leave to Withdraw as Counsel for Plaintiff using the Court's CM/ECF System, that all participants in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECF System, in accordance with Rule 5.7 of the Local Rules of Court for the Middle District of Pennsylvania.

I further certify that on this 8th day of July, 2025, I served the foregoing Brief in Support of Motion for Leave to Withdraw as Counsel for Plaintiff upon Plaintiff via first class mail, postage prepaid, and by e-mail.

Dated: July 8, 2025      */s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
*Counsel for Plaintiff John Doe*